UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DANIEL JOSEPH GABRIEL BLEAKEN,

    Plaintiff,

v.                                                                                   Case No. 20-11319

APOSTOLIC NUNCIATURE IN THE
UNITED STATES, ASCENSION TECHNOLOGIES,
and ARCHDIOCESE OF ST. LOUIS,

    Defendants.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS, DISMISSING WITHOUT PREJUDICE PLAINTIFF'S TITLE VII CLAIM, AND DISMISSING PLAINTIFF'S FIRST AMENDMENT AND "MISSOURI STANDS FOR THE UNBORN ACT" CLAIMS**

Plaintiff Daniel Joseph Gabriel Bleaken brings this action for employment discrimination against Defendants Apostolic Nunciature in the United States, Ascension Technologies, and the Archdiocese of Saint Louis. (ECF No. 1, PageID.2.) He has filed an "Application to Proceed [W]ithout [P]repaying [F]ees or [C]osts." (ECF No. 2.)

The court will grant Plaintiff's application. However, when a plaintiff proceeds *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). "Congress directed the federal courts to review or 'screen' certain complaints *sua sponte* and to dismiss those that failed to state a claim upon which relief could be granted." *Benson v. O'Brian*, 179 F.3d 1014, 1015-16 (6th Cir. 1999) (citing 28 U.S.C. § 1915(e)(2)). Plaintiff's complaint fails to state a valid claim and will be dismissed.

A complaint "fails to state a claim on which relief may be granted" when, "constru[ing] the complaint in the light most favorable to the plaintiff and accept[ing] all factual allegations as true," the complaint is not "plausible on its face." *Laborers' Local 265 Pension Fund v. iShares Trust*, 769 F.3d 399, 403 (6th Cir. 2014); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. Determining plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Plaintiff brings his claim for employment discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17, as well as the First Amendment and the "Missouri Stands for the Unborn Act." (ECF No. 1, PageID.3.) Plaintiff alleges he worked for Defendant Ascension Technologies as a technical engineering analyst and was even "commended" for his job performance. (*Id.*, PageID.5.) He allegedly placed a crucifix and a prayer card on his desk, was asked on his views of abortion, and was "accosted" for expressing pro-life beliefs. (*Id.*) Plaintiff's co-workers allegedly "reprimanded" him and he was later terminated. (*Id.*)

On its face, Plaintiff's complaint presents a valid claim for religious discrimination under Title VII. Title 42 U.S.C. § 2000e-2 states that "[i]t shall be an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . religion." "To assert a successful claim of religious discrimination under Title VII, a plaintiff must either present direct evidence of discrimination or, in the

absence of direct evidence, present a prima facie case of indirect discrimination by showing (1) that he was a member of a protected class; (2) that he experienced an adverse employment action; (3) that he was qualified for the position; and (4) that he was replaced by a person outside of the protected class or that he was treated differently than similarly situated employees." *Tepper v. Potter*, 505 F.3d 508, 515 (6th Cir. 2007); *Hall v. Baptist Memorial Health Care Corp.*, 215 F.3d 618, 626 (6th Cir. 2000). An adverse employment action is one that involves "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Tepper*, 505 F.3d at 515 (quoting *Ford v. General Motors Corp.*, 305 F.3d 545, 553 (6th Cir. 2002)).

Plaintiff asserts that he is a Roman Catholic who put up a crucifix and a prayer card and openly opposed abortion. (ECF No. 1, PageID.5.) He was allegedly harassed, "reprimanded," and terminated for his beliefs. (*Id.*) Accepting Plaintiff's allegations as true, it is "facially plausib[le]" that 1) Plaintiff was a member of protected religious class; 2) he was harassed and then terminated, in what amounts to an "adverse employment action"; 3) he was otherwise qualified for his work as a technical engineering analyst; and 4) he was treated differently than "similarly situated employees" because of his religious beliefs. *Ashcroft*, 556 U.S. at 678; *Tepper*, 505 F.3d at 515.

Plaintiff may present a valid claim for religious discrimination; however, he has not exhausted his administrative remedies. "[A]n employee alleging employment discrimination in violation of [Title VII] must first file an administrative charge with the [Equal Employment Opportunity Commission ("EEOC")] within a certain time after the

3

alleged wrongful act or acts." *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 361 (6th Cir. 2010). "A plaintiff must exhaust administrative remedies before filing suit in federal court." *Peeples v. City of Detroit*, 891 F.3d 622, 630 (6th Cir. 2018). "To properly exhaust, a plaintiff must: (1) timely file a charge of employment discrimination with the EEOC; and (2) receive and act upon the EEOC's statutory notice of the right to sue ('right-to-sue letter')." *Id.* (quoting *Granderson v. Univ. of Michigan*, 211 Fed. App'x 398, 400 (6th Cir. 2006)).

Although not jurisdictional requirements, exhausting administrative remedies and receiving a right-to-sue letter from the EEOC are "condition[s] precedent to bringing suit." *Rivers v. Barberton Bd. of Educ.*, 143 F.3d 1029, 1031 (6th Cir. 1998). A plaintiff who has failed to do so has failed to state a claim. *Lockett v. Potter*, 259 Fed. App'x 784, 786 (6th Cir. 2008) (affirming dismissal of an unexhausted Title VII suit for failure to state a claim); *Brown v. Abbott Laboratories*, 90 Fed. App'x 891, 892 (6th Cir. 2004) (affirming dismissal of a Title VII suit for failure to state a claim on exhaustion grounds); *Williams v. Northwest Airlines, Inc.*, 53 Fed. App'x 350, 351 (6th Cir. 2002) ("Failure to timely exhaust administrative remedies is an appropriate basis for dismissal of a Title VII [action]."); *Hoover v. Timken Co.*, 30 Fed. App'x 511, 512-13 (6th Cir. 2002) (analogizing an Americans with Disabilities Act discrimination claim to Title VII and affirming dismissal for failure to exhaust administrative remedies at the EEOC).

Plaintiff admits in his complaint that he has not filed a charge with the EEOC and the EEOC "has not issued a Notice of Right to Sue letter." (ECF No. 1, PageID.5.) He states plainly that he "did not know" of the exhaustion requirements and provides no other explanation for his failure to exhaust. (*Id.*)

4

Title VII exhaustion mandates are subject to equitable defenses such as "waiver, estoppel, and equitable tolling." *McFarland v. Henderson*, 307 F.3d 402, 406 (6th Cir. 2002). Plaintiff does not present an equitable defense and does not assert allegations that could plausibly support one; he alleges only ignorance of the law. *Ashcroft*, 556 U.S. at 678. Plaintiff has not exhausted administrative remedies and thus does not state a claim under Title VII. 28 U.S.C. § 1915(e)(2)(B)(ii); *Lockett*, 259 Fed. App'x at 786; *Brown*, 90 Fed. App'x at 892; *Williams*, 53 Fed. App'x at 351; *Hoover*, 30 Fed. App'x at 512-13.

The court will dismiss Plaintiff's Title VII claim without prejudice. If Plaintiff still has the ability to file a claim at the EEOC, and time limits for his claim have not expired, he may refile his complaint after he exhausts his administrative remedies. *Peeples*, 891 F.3d at 630. However, "the charge must [generally] be filed with the EEOC 'within 180 days of the occurrence of the alleged unlawful employment practice.'" *Logan v. MGM Grand Detroit Casino*, 939 F.3d 824, 827 (6th Cir. 2019) (quoting *EEOC v. Commercial Office Prods. Co.*, 486 U.S. 107, 110 (1988)).

Plaintiff additionally claims that Defendants violated the First Amendment. First, the First Amendment does not, by its own terms, provide a private right of action. *See* U.S. Const. amend I. Courts are exceedingly hesitant to read a right to damages into the constitution's text. *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1856 (2017) ("[I]t is a significant step under separation-of-powers principles for a court to determine that it has the authority, under the judicial power, to create and enforce a cause of action for damages . . . in order to remedy a constitutional violation."). "[T]he Supreme Court [has] expressly noted it has 'not found an implied damages remedy under the Free Exercise Clause'

5

and has 'declined to extend [a right of action] to a claim sounding in the First Amendment.'" *Meeks v. Larsen*, 611 Fed. App'x 277, 287 (6th Cir. 2015) (quoting *Ashcroft*, 556 U.S. at 675)); *see also Reichle v. Howards*, 566 U.S. 658, 633 n.4 (2012) ("We have never held that [a private right of action] extends to First Amendment claims.").

Second, the First Amendment does not govern private individuals or entities. "First Amendment protections are triggered only in the presence of state action." *Bays v. City of Fairborn*, 668 F.3d 814, 819 (6th Cir. 2012) (quoting *Lansing v. City of Memphis*, 202 F.3d 821, 828 (6th Cir. 2000)); *Wilcher v. City of Akron*, 498 F.3d 516, 519 (6th Cir. 2007). Plaintiff does not assert or present allegations from which the court could make reasonable inferences that any Defendant is a state actor. *Ashcroft*, 556 U.S. at 678. Plaintiff also fails to allege facts showing Defendants were private entities acting under state authority, in which case the First Amendment would apply. *Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1926 (2019) (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 352 (1974)) ("[A] private entity may be considered a state actor when it exercises a function 'traditionally exclusively reserved to the State.'"). Plaintiff's First Amendment claim will be dismissed.

Finally, Plaintiff claims Defendant violated the "Missouri Stands for the Unborn Act." (ECF No. 1, PageID.3.) However, Plaintiff fails to cite a legal provision of the law and merely references the entire bill, spanning thirty pages. Missouri Stands for the Unborn Act, Mo. House Bill No. 126 (2019) (codified as amended at Mo. Ann. Stat. §§ 188.026, 188.056-58). (*Id.*) Plaintiff cites no provision regulating employment practices or a provision providing a right of action for damages; the court could not discover such

6

provisions independently. Further, even if Plaintiff had a cause of action under the "Missouri Stands for the Unborn Act," the court would not retain jurisdiction. Although it is unclear whether Plaintiff asserts diversity jurisdiction, he has marked "Title VII," a federal law, under his "Basis for Jurisdiction." (ECF No. 1, PageID.3.) Plaintiff appears to allege federal question jurisdiction. The court may decline to exercise supplemental jurisdiction where it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "[I]f the federal claims [in federal question cases] are dismissed before trial, even though the federal claims are not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254 (6th Cir. 1996) (citation removed). Plaintiff fails to state a legal basis for his claim. Even if he did, the court would not continue to exercise jurisdiction. Thus, Plaintiff's "Missouri Stands for the Unborn Act" claim will be dismissed. Accordingly,

IT IS ORDERED that Plaintiff's "Application to Proceed [W]ithout [P]repaying [F]ees or [C]osts" (ECF No. 2) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Title VII claim is DISMISSED WITHOUT PREJUDICE. Plaintiff's First Amendment claim and his "Missouri Stands for the Unborn Act" claim are DISMISSED.

s/Robert H. Cleland          /<br>
ROBERT H. CLELAND<br>
UNITED STATES DISTRICT JUDGE

Dated:  June 10, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 10, 2020, by electronic and/or ordinary mail.

s/Lisa Wagner          /<br>
Case Manager and Deputy Clerk

(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\20-11319.BLEAKEN.ApplicationtoProceedWithoutPrepayingFeesorCostsandDismissal.RMK.docx